1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

May 04, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

JENNIFER Y.,

        Plaintiff,

        v.

ANDREW M. SAUL,
COMMISSIONER OF SOCIAL
SECURITY[1],

        Defendant.

No. 1:19-CV-03117-JTR

ORDER GRANTING, IN PART,
PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT AND
REMANDING FOR ADDITIONAL
PROCEEDINGS

**BEFORE THE COURT** are cross-motions for summary judgment.  ECF
No. 15, 16.  Attorney D. James Tree represents Jennifer Y. (Plaintiff); Special
Assistant United States Attorney Franco Becia represents the Commissioner of
Social Security (Defendant).  The parties have consented to proceed before a
magistrate judge.  ECF No. 8.  After reviewing the administrative record and the
briefs filed by the parties, the Court **GRANTS, IN PART,** Plaintiff's Motion for
Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; and

_____

[1] Andrew M. Saul is now the Commissioner of the Social Security
Administration.  Accordingly, the Court substitutes Andrew M. Saul as the
Defendant and directs the Clerk to update the docket sheet.  *See* Fed. R. Civ. P.
25(d).

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 1

**REMANDS** the matter to the Commissioner for additional proceedings pursuant to 42 U.S.C. § 405(g).

## JURISDICTION

Plaintiff filed an application for Supplemental Security Income on July 20, 2015, alleging disability since June 1, 2014[2], due to fibromyalgia, arthritis, and depression. Tr. 74. The application was denied initially and upon reconsideration. Tr. 93-96, 101-07. Administrative Law Judge (ALJ) Wayne Araki held a hearing on May 15, 2018, Tr. 40-72, and issued an unfavorable decision on June 20, 2018, Tr. 15-27. Plaintiff requested review of the ALJ's decision by the Appeals Council. Tr. 192. The Appeals Council denied the request for review on March 29, 2019. Tr. 1-5. The ALJ's June 2018 decision is the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on May 28, 2019. ECF No. 1.

## STATEMENT OF FACTS

Plaintiff was born in 1972 and was 43 years old as of the filing of her application. Tr. 26. She has a high school diploma and a work history consisting primarily of self-employment as a house cleaner. Tr. 44, 63. She stopped cleaning houses when she was no longer physically capable of the work. Tr. 62-63. In late 2014 she was diagnosed with fibromyalgia. Tr. 405. In August 2015 she broke her shoulder when a horse slammed her into a tree. Tr. 384, 422. The fracture healed, but she continued to have pain in the years following. Tr. 486, 661, 759, 790, 904. She has also been diagnosed with various mental health impairments and has reported brain fog from fibromyalgia impacting her memory. Tr. 58-59, 61, 331, 785-86, 849.

## STANDARD OF REVIEW

---

[2] Plaintiff later amended her alleged onset date to the date of filing of her application.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 2

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). The ALJ's determinations of law are reviewed *de novo*, with deference to a reasonable interpretation of the applicable statutes. *McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The decision of the ALJ may be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is defined as being more than a mere scintilla, but less than a preponderance. *Id.* at 1098. Put another way, substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for that of the ALJ. *Tackett*, 180 F.3d at 1097; *Morgan v. Commissioner of Social Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). If substantial evidence supports the administrative findings, or if conflicting evidence supports a finding of either disability or non-disability, the ALJ's determination is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987). Nevertheless, a decision supported by substantial evidence will be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1988).

## SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. § 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140-142 (1987). In steps one through four, the burden of proof rests upon the claimant to establish a prima facie case of entitlement to disability benefits. *Tackett*, 180 F.3d at 1098-1099. This burden is met once a claimant establishes that a physical or mental impairment prevents the claimant from engaging in past relevant work. 20 C.F.R. § 416.920(a)(4). If a claimant

cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Commissioner of Social Sec. Admin.*, 359 F.3d 1190, 1193-1194 (2004). If a claimant cannot make an adjustment to other work in the national economy, the claimant will be found disabled. 20 C.F.R. § 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On June 20, 2018, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 15-27.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the application date. Tr. 17.

At step two, the ALJ determined Plaintiff had the following severe impairment: fibromyalgia. *Id.*

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 20-21.

The ALJ assessed Plaintiff's Residual Functional Capacity (RFC) and found she could perform a range of light work, with the following limitations:

> I find the claimant has the residual functional capacity to lift/carry 20 pounds occasionally and 10 pounds frequently. She has no sitting restrictions. She should not climb ladders, ropes, or scaffolds. She can frequently climb stairs and ramps. She can frequently balance, stoop, kneel, crouch, and crawl. She can occasionally reach overhead with her left upper extremity (non-dominant). She should not work at exposed heights and she should not operate heavy equipment. She can otherwise have occasional exposure to hazards. She should not use high impact tools such as nail guns or jackhammers, otherwise occasional exposure to vibrations. She can have occasional exposure to extreme heat or to extreme cold.

Tr. 21.

At step four, the ALJ found Plaintiff was capable of performing her past relevant work as a housecleaner.  Tr. 26.

Despite making dispositive step four findings, the ALJ alternatively found at step five that, considering Plaintiff's age, education, work experience and residual functional capacity, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, specifically identifying the representative occupations of cashier, fast food worker, and garment sorter.  Tr. 26-27.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the date the application was filed through the date of the decision.  Tr. 27.

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether that decision is based on proper legal standards.

Plaintiff contends the Commissioner erred by (1) improperly evaluating the medical opinion evidence; (2) improperly rejecting Plaintiff's subjective symptom testimony; and (3) improperly finding depression to be a non-severe impairment.

## DISCUSSION

**1.    Plaintiff's subjective statements**

Plaintiff contends the ALJ erred by improperly rejecting her subjective complaints.  ECF No. 15 at 18-21.

It is the province of the ALJ to make credibility determinations.  *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).  However, the ALJ's findings must be supported by specific, cogent reasons.  *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990).  Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 5

impairment merely because it is unsupported by medical evidence.  *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998).  Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing."  *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir. 1996); *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).  "General findings are insufficient:  rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints."  *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ concluded Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, Plaintiff's statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely consistent with the medical evidence and other evidence in the record.  Tr. 21.  The ALJ found:  (1) Plaintiff's allegations of severe restrictions appeared out of proportion to the longitudinal physical exams; (2) radiology records were generally unremarkable; (3) the record contained evidence of symptom magnification; and (4) Plaintiff reported engaging in activities that detracted from the reliability of her pain complaints.  Tr. 22-23.

*a. Symptom magnification*

In support of his assertion that the record contains evidence of symptom magnification, the ALJ cited to a physical exam on July 20, 2016, where an examining doctor noted that Plaintiff "demonstrated give-way weakness."  Tr. 23 (citing tr. 777, duplicated at 644).

Defendant argues this note is affirmative evidence of malingering, and that the ALJ thus was not required to offer clear and convincing reasons for rejecting Plaintiff's subjective testimony.  ECF No. 16 at 2-4.  Defendant argues that the notation of give-way weakness suggests Plaintiff's excessive presentation of pain could not be attributed entirely to her impairment, and the ALJ thus correctly found Plaintiff exaggerated her limitations.  *Id.* at 4.

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 6

The Court finds this single notation to be insufficient to support a finding of "symptom magnification," much less "malingering." The examining doctor did not indicate that he believed Plaintiff was exaggerating or malingering and did not explain the significance of the finding of give-way weakness. Tr. 644. He stated Plaintiff was cooperative throughout the examination, and he concluded her symptoms were likely referred from fibromyalgia. *Id.* The ALJ drew a conclusion from this note that is not supported by substantial evidence. Because there is no affirmative evidence of malingering, the ALJ was required to offer clear and convincing reasons for discounting Plaintiff's reports.

*b. Activities*

A claimant's daily activities may support an adverse credibility finding if the claimant's activities contradict her other testimony. *Orn v. Astrue*, 495 F.3d 625, 639 (9th Cir. 2007).

The ALJ found that a record notation of Plaintiff doing some digging in her yard to fix an irrigation problem was inconsistent with her allegations of widespread pain and a sedentary lifestyle. Tr. 23. The ALJ cited to a treatment note from August 30, 2017, where the activity was reported. Tr. 745. The full record indicates Plaintiff reported she "was bending and something snapped and was painful," and that she thought the yard work may have something to do with it. *Id.* This single incident of additional activity, leading to an exacerbation of her pain and limitations is consistent with Plaintiff's reports, not contrary to them. She testified that she does some minimal chores around the house that she is physically capable of, such as dusting and planting some flowers. Tr. 53, 662. She also reported she has good days and bad days, and that additional exertion one day may render her incapacitated for hours or days afterwards. Tr. 327, 661, 761. The ALJ did not identify any ongoing activities that are inconsistent with Plaintiff's symptom testimony.

*c. Objective evidence*

The ALJ found Plaintiff's allegations appeared to be out of proportion with multiple exam findings that were normal, along with unremarkable imaging. Tr. 22-23.

An ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Because none of the ALJ's other reasons for discounting Plaintiff's subjective statements are clear and convincing, this reason alone is insufficient.

The Court also takes note that fibromyalgia is not a condition that generally lends itself to extensive objective findings, particularly on imaging. *See generally*, Social Security Ruling 12-2p; *Revels v. Berryhill*, 874 F.3d 648, 656-57 (9th Cir. 2017). It is not clear that the normal or unremarkable exam findings identified by the ALJ have any bearing on the existence or severity of Plaintiff's fibromyalgia.

**2.    Medical opinions**

Plaintiff argues the ALJ erred in evaluating the medical opinion evidence by improperly rejecting the opinions from Dr. Hunte, Dr. Drenguis, and Dr. Cline. ECF No. 15 at 4-18.

When a treating or examining physician's opinion is contradicted by another physician, the ALJ must offer "specific and legitimate" reasons to reject the opinion. *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995); *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1995). The specific and legitimate standard can be met by the ALJ setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989).

*a.  Dr. Hunte*

Plaintiff's treating doctor, Dr. Esther Hunte, completed a medical source statement in August 2017 regarding Plaintiff's conditions. Tr. 648-49. She noted Plaintiff's diagnoses included fibromyalgia and major depression, with symptoms

of all over body pain, joint stiffness and pain, and depression with memory difficulties.  Tr. 648.  Her prognosis was fair, with Dr. Hunte noting they were still working on getting Plaintiff more functional, but "so far she has deteriorated more and has completely been unable to work."  Tr. 649.  She predicted that full time work would aggravate Plaintiff's pain, and she would be likely to miss four or more days of work per month.  *Id.*

The ALJ gave this opinion little weight.  Tr. 20, 25.  The ALJ found the opinion to be inconsistent with benign mental status exams and objective physical findings and Dr. Hunte's own treatment records, based largely on Plaintiff's self-reports, and lacking a function-by-function analysis of Plaintiff's abilities.  Tr. 20, 25.

An ALJ may consider an opinion's overall consistency with the record as a whole, 20 C.F.R. § 416.927(c)(4), but the ALJ must consider the entire record, and not just the portions that support the conclusion.  As discussed above, fibromyalgia is not a condition that is often accompanied by significant objective findings.  The normal objective physical findings noted by the ALJ do not have a clear connection to fibromyalgia, particularly imaging.  Additionally, while there are a number of normal exam findings, the record does contain objective findings supportive of Dr. Hunte's opinion, including positive trigger point testing (tr. 405, 664, 762), tenderness in various parts of her body (tr. 463, 607, 609, 664, 904), limited range of motion (tr. 485, 607, 609, 904, 946), and objective findings of swelling and nodules in her hands (tr. 528, 664, 768, 772, 946, 948, 959).  The ALJ's selective citations of the normal exam findings are not representative of the record as a whole.  Similarly, with respect to mental status findings, the ALJ omitted from his summary the instances where Plaintiff presented with depressed or anxious mood, constricted or flattened affect, and other objective findings of depression.  Tr. 663, 791, 795, 798, 802, 812, 820, 826, 832, 835, 837, 838-40, 851-52, 855-58, 860-61.  The ALJ's finding that Dr. Hunte's opinion is

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 9

inconsistent with benign objective findings is not supported by substantial evidence.

If a treating provider's opinions are based "to a large extent" on an applicant's self-reports and not on clinical evidence, and the ALJ finds the applicant not credible, the ALJ may discount the treating provider's opinion. *Tommasetti v. Astrue,* 533 F.3d 1035, 1041 (9th Cir.2008). However, when an opinion is not more heavily based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion. *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014). The Court finds the ALJ failed to offer sufficient reasons for rejecting Plaintiff's subjective reports, and identified no evidence that indicates Dr. Hunte's opinion is more based on Plaintiff's self-reports than her multiple-year treatment relationship and clinical observations.

While the ALJ is correct that Dr. Hunte did not provide a function-by-function assessment of all of Plaintiff's abilities, the opinion does include the specific limitation that Plaintiff would miss four or more days of work per month. Tr. 649. The vocational expert testified that such a limitation would prevent someone from being competitively employable. Tr. 68-69.

The ALJ therefore failed to offer specific and legitimate reasons for discounting the opinion from Plaintiff's treating physician, Dr. Hunte. On remand, the ALJ will reconsider Dr. Hunte's opinion along with the rest of the record.

*b. Dr. Drenguis*

Plaintiff attended a consultative physical exam with Dr. William Drenguis on February 23, 2018. Tr. 653-65. Dr. Drenguis diagnosed Plaintiff with diffuse myalgias consistent with fibromyalgia; left shoulder internal derangement; and early degenerative joint disease of the hands. Tr. 664-65. In his written report he concluded Plaintiff was capable of standing or walking for at least four hours, and sitting for four hours; she could lift or carry 20 pounds occasionally and 10 pounds frequently; she could frequently balance and occasionally engage in other postural

activities; she could frequently use her hands and arms, but she could never reach with her left arm; and she had some environmental limitations.  Tr. 665.  In an attached medical source statement check box form, Dr. Drenguis offered slightly different limitations, including that Plaintiff was limited to no more than 30 minutes of sitting, standing, or walking at a time (tr. 655), and could occasionally push, pull and reach laterally with the left arm (tr. 656).

The ALJ gave Dr. Drenguis' opinion partial weight, noting it was somewhat consistent with the longitudinal evidence.  Tr. 24.  However, the ALJ rejected most of the limitations on the left upper extremity, finding them inconsistent with generally unremarkable physical exams, the imaging, and Dr. Drenguis' own exam, and finding them to be largely based on Plaintiff's unreliable self-reports.  *Id.*

Plaintiff objects to the ALJ's rationale, arguing the ALJ ignored findings throughout the record and within Dr. Drenguis' report that supported the limitations, and noting that there was no evidence the doctor relied more heavily on Plaintiff's reports than on his objective findings and medical judgment.  ECF No. 15 at 8-11.  Plaintiff additionally points out the ALJ offered no rationale for rejecting Dr. Drenguis' opinion regarding Plaintiff only standing, walking, or sitting for 30 minutes at a time.  Tr. 12-13.  Defendant restates the ALJ's findings and asserts they are sufficient, arguing Plaintiff is simply asking for an alternative interpretation of the evidence.  ECF No. 16 at 18-20.

The Court finds the ALJ erred in failing to offer any reasons for discounting Dr. Drenguis' opinion with respect to the limitations on sitting, standing, and walking.  Tr. 24.  The ALJ specifically noted that he was not adopting Dr. Drenguis' opinion regarding the left upper extremity, and all of his reasons relate to the findings regarding Plaintiff's shoulder and arm.  *Id.*  He failed to acknowledge the additional limitations on sitting, standing, and walking contained in the check-box form.  *Id.*

This was not a clearly harmless error.  While the ALJ stated at the end of the decision that the vocational expert identified additional jobs consistent with Dr. Drenguis' RFC, the limitations posed at hearing were only those in the narrative report, and not those contained in the supplemental check-box form.  Tr. 69-71. Social Security Ruling 83-12 notes that most jobs have "ongoing work processes which demand that a worker be in a certain place or posture for at least a certain length of time to accomplish a certain task."  It goes on to direct that "in cases of unusual limitation of ability to sit or stand, a VS [vocational specialist] should be consulted to clarify the implications for the occupational base."  Social Security Ruling 83-12.  Based on the record before the Court, it is not clear that the jobs found at step four and step five could still be performed with such a sit-stand option.

On remand, the ALJ will reassess Dr. Drenguis' entire opinion.

*c.  Dr. Cline*

Plaintiff underwent two consultative psychological exams with Dr. Rebekah Cline, one in 2014 and one in 2015.  Tr. 326-35.  In 2014, Dr. Cline found Plaintiff to be markedly impaired in her ability to communicate and perform effectively in a work setting and in her ability to maintain appropriate behavior in a work setting. Tr. 333.  She otherwise found Plaintiff's impairments to be no more than moderate. Tr. 333-34.  In 2015, Dr. Cline found Plaintiff's limitations to be reduced, finding no more than moderate impairment in any area, and opined she "appears ready for a referral to DVR [Department of Vocational Rehabilitation] at this time."  Tr. 328-29.

The ALJ gave these opinions little weight, finding them inconsistent with the longitudinal evidence and overly reliant on Plaintiff's self-reports.  Tr. 20.  He additionally noted Dr. Cline reviewed only a few case notes prior to the 2014 exam, and reviewed no additional records prior to the 2015 exam.  *Id.*  He further found that there were discrepancies between Plaintiff's presentation to Dr. Cline

and her later performance on an exam with Dr. Lewis, which detracted from the reliability of Dr. Cline's opinions.  *Id.*

An ALJ may reasonably consider an opinion's consistency with the rest of the record, and a source's familiarity with that record.  20 C.F.R. § 416.927(c).  However, as discussed above with respect to Dr. Hunte, the ALJ's summary of the record omitted numerous later records that indicated Plaintiff had on-going issues with her mental health.  As this claim is being remanded for further consideration of other medical evidence, the ALJ will also reconsider Dr. Cline's opinions.

**3.    Depression as a non-severe impairment**

Plaintiff argues the ALJ erred in finding depression to be a non-severe impairment.  ECF No. 15 at 21.

The step-two analysis is "a de minimis screening device used to dispose of groundless claims."  *Webb v. Barnhart*, 433 F.3d 683, 687 (9th Cir. 2005).  An impairment is "not severe" if it does not "significantly limit" the ability to conduct "basic work activities."  20 C.F.R. § 416.922(a).  "An impairment or combination of impairments can be found not severe only if the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work."  *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir. 1996) (internal quotation marks omitted).

As the Court finds further evaluation of the evidence and medical opinions is warranted, on remand the ALJ will reevaluate each of the five steps in the sequential evaluation process.

## CONCLUSION

Plaintiff argues the decision should be reversed and remanded for the payment of benefits.  The Court has the discretion to remand the case for additional evidence and findings or to award benefits.  *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996).  The Court may award benefits if the record is fully developed and further administrative proceedings would serve no useful purpose.  *Id.*  Remand is

appropriate when additional administrative proceedings could remedy defects. *Rodriguez v. Bowen*, 876 F.2d 759, 763 (9th Cir. 1989).  In this case, the Court finds that further development is necessary for a proper determination to be made.

The ALJ's decision is not supported by substantial evidence.  On remand, the ALJ shall reevaluate the medical evidence and Plaintiff's subjective complaints, making findings on each of the five steps of the sequential evaluation process, obtain supplemental testimony from a vocational expert as needed, and take into consideration any other evidence or testimony relevant to Plaintiff's disability claim.

Accordingly, **IT IS ORDERED:**

1.      Plaintiff's Motion for Summary Judgment, **ECF No. 15**, is **GRANTED, IN PART**.

2.      Defendant's Motion for Summary Judgment, **ECF No. 16**, is **DENIED**.

3.      The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4.      An application for attorney fees may be filed by separate motion.

The District Court Executive is directed to file this Order and provide a copy to counsel for Plaintiff and Defendant.  Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**IT IS SO ORDERED.**

DATED May 4, 2020 .



_____
JOHN T. RODGERS
UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING, IN PART, PLAINTIFF'S MOTION . . . - 14